31 C.C.P.A.(Patents)

**In re SCHWEITZER.**

**Patent Appeal No. 4833.**

United States Court of Customs and Patent Appeals.

March 6, 1944.

Rehearing Denied April 4, 1944.

Ely & Frye, of Akron, Ohio (Albert L. Ely, Jr., of Akron, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 17 to 19, inclusive, 22, 24, 25 and 27 of an application for a patent on a "Painting Machine." Sixteen claims were allowed.

Claim 17 is illustrative of the claims in issue and reads as follows:

"17. In a machine of the class described, an article conveyor, spray guns for spraying coating material on articles carried by said conveyor, a first means for driving said conveyor and spray guns in alternate periods of relative movement and no relative movement between said conveyor and said spray guns, said conveyor moving in a fixed path constantly spaced from said spray guns, and a second means independent of said conveyor and operatively connected with said first means for operating said spray guns only when no relative movement exists between said spray guns and said article conveyor."

The references relied on are: Flint et al., 1,959,711, May 22, 1934; Ross, 2,210,-187, August 6, 1940.

The invention relates to an apparatus for painting circular objects, particularly automobile wheel bodies or rims. On a circular turreted conveyor there are a plurality of vertical rotatable spindles upon which the articles to be painted are supported. Paint-spraying guns are mounted upon carriers attached to the legs of a spider pivoted upon the axis around which the conveyor rotates and adjacent to and concentric with the periphery thereof, and so arranged that at the time of spraying the nozzles will travel at the same speed as the article to be painted.

Attached to the bases of the spindles, are pulleys, which engage a V-belt for rotating the spindles, driven by means of a motor with a speed governor. The conveyor is rotated counter-clockwise by a

speed-governed motor activating a drive shaft upon which is mounted a sprocket wheel which cooperates with a larger sprocket wheel by means of a chain. The large sprocket wheel is mounted on a shaft about which the conveyor rotates. On the said drive shaft a cam is mounted by means of which the legs of the spider connecting the gun-supporting means are moved in counter-clockwise direction until the off position of the cam causes a spring to return the carriage to its former position. To reduce the shock incident to the sudden stoppage when the carriage is returned an air relief valve or dashpot is provided. A smaller cam is also mounted on the drive shaft to regulate the supply of compressed air which blows the paint from the guns on the object to be painted. The spraying action of the guns does not begin until slightly after the carriage begins to move on its forward course with the conveyor, and ceases slightly before the carriage ends its movement in such direction.

It is not necessary to describe the apparatus in further detail.

The Flint et al. reference relates to an apparatus for spraying colors on rotating objects. It comprises rotary spindles placed around the periphery of a rotary conveyor. A painting nozzle and an air jet nozzle adjacent the periphery of the conveyor are carried on an arm loosely pivoted on the shaft of the conveyor. The nozzles are intermittently moved with the conveyor and during such movement one nozzle sprays paint on the rotating article while the other sprays air on vanes mounted on the spindles, thus causing them to rotate. The intermittent movement is accomplished by pins, one for each spindle, which successively engage a pin on the nozzle support and cause the nozzles to move with the spindle for a predetermined distance after which the pins are disengaged by means of a cam and the nozzle support is retracted by a spring to be then engaged by the pin of the next spindle. On the conveyor is a series of cams spaced between the spindles, successively engaging a spring valve which supplies the nozzles with air only during the time when the nozzles and conveyor are moving together.

The Ross patent relates to a paint-spraying device in which the articles to be painted are mounted on rotatable spindles on a rotary conveyor. While the articles are being sprayed the spindles are rotated by means of a belt engaging pulleys on the lower ends of the spindles.

All of the involved claims were rejected by the Primary Examiner as fully met by or unpatentable over the Flint et al. reference. The Ross patent was relied on merely to show the belt and pulley drive of the spindles. The examiner also rejected claims 17, 18, 19 and 22 as functional. The Board of Appeals reversed the rejection of the examiner on the grounds of functionality, but in all other respects affirmed his decision.

It is clear that the device of the Flint et al. patent, like the device of appellant, paints articles mounted on rotating spindles spaced about the periphery of a rotary conveyor. In both devices the paint guns adjacent the conveyor rotate therewith for a certain period and are then returned to their starting position by a spring. There is a valve in both devices which is so controlled that the coloring material is sprayed only during the cooperating movement of the nozzle and conveyor.

The only differences between the device of the Flint et al. patent and that described in the rejected claims are that in the latter there is a plurality of spray guns, the carriage for the guns is activated by a single cam on the drive shaft, the air supply is controlled by the action of a second cam on the drive shaft, and the spindles are rotated by the V-belt.

The provision of more than one spray gun is clearly not patentable, and it is obvious to substitute for the multiple cams of the device of the Flint et al. patent the single cam on the drive shaft which operates the carriage, as appellant has done.

We think that, as far as patentability of the involved claims is concerned, it makes no difference whether the means for oscillating the spray gun carriages and turning the spraying pressure on and off be mounted on a common shaft as in appellant's device or more widely separated as in the device of the Flint et al. patent, and the V-belt rotating the spindles in appellant's device is fully met by that disclosed in the Ross patent.

For the reasons stated the decision of the Board of Appeals is affirmed.

Affirmed.